MARCO CASTRO, an Infant, by RICARDA CASTRO, His Guardian ad Litem, et al., Appellants, v. CITY OF NEW YORK, Respondent.

*Per Curiam.* There was a conflict in the evidence in this case as to how the accident happened, and the conflict has not been resolved by the decision of the trial court.

It was the infant plaintiff's claim that as he was playing marbles in the roadway of a play street, near the curb, his foot slipped backward and was struck and injured by the rear wheel of defendant's garbage truck proceeding close to where children were playing without sounding its horn. It was defendant's evidence that plaintiff was fighting with other boys at the time of the accident and was pushed into the rear wheel of the truck.

The trial court, sitting without a jury, dismissed the complaint without any finding as to the cause of or responsibility for the accident beyond the comments that drivers of vehicles should not be held responsible for what happens

once the front of a vehicle passes a given point, and that it would not be sensible to think that if the horn were sounded boys playing in the street would get out of the way.

The court did conclude by saying that upon all the evidence the complaint was dismissed upon the merits, and the court found that the plaintiff had failed to establish by any credible evidence the negligence of the defendant and that it was therefore not necessary to consider any question of contributory negligence or any of the other factors. We wish to avoid any indication of an opinion as to the decision which should have been reached or should be reached on a retrial, but certainly the judgment rendered was permissible and would not be disturbed by us except for the indication that it was premised upon views, expressed in the above-mentioned comments, to which we cannot subscribe. Therefore, in the absence of more particular findings with respect to the cause of the accident and the issues of negligence and contributory negligence, we are unable to sustain the determination reached.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

Peck, P. J., Dore, Breitel, Bastow and Botein, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.